Bonnist & Cutro, LLP
31 Purchase Street, Suite 3-1
Rye, New York 10580
(914) 921-4820
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAWN AMICO,

                         Plaintiff,

            -against-

BALDOR SPECIALTY FOODS, INC.,

                        Defendant.
-------------------------------------------------------------------X

JUDGE ROBINSON

**COMPLAINT**

07 CV 2909

Civil Action No.

Plaintiff, Dawn Amico ("Amico") through her attorneys, Bonnist & Cutro, LLP, for her complaint against defendant Baldor Specialty Foods, Inc. ("the Company"), states as follows:

**NATURE OF CASE**

1.     Amico brings this action to recover from the Company unpaid overtime compensation, liquidated damages and reasonable attorneys' fees, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.) and Section 652 of the New York State Minimum Wage Act.

**PARTIES**

2.     Amico is an individual residing at 1741 Bella Vista Way, Port St. Lucie, Florida 34952.

3.     Upon information and belief, the Company is a New York Corporation.

4.     Upon information and belief, the Company is qualified to do business within the State of New York and has its principal place of business located at 511 Barry Street, Bronx,

New York.

## JURISDICTION AND VENUE

5.  The jurisdiction of this Court over this controversy is based upon 28 U.S.C. Section 1337 to enforce the provisions of the Federal Fair Labor Standards Act. This Court is requested to exercise pendent jurisdiction over Amico's State law claims pursuant to 28 U.S.C. Section 1367. The violations of the Fair Labor Standards Act and Minimum Wage Act alleged below were committed within the State of New York, County of Bronx. Venue for this action is therefore in the Southern District of New York.

## FACTS

6.  At all times herein set forth, the Company was an employer within the definition of the Fair Labor Standards Act of 1938, Section 3, 29 U.S.C. Section 203, and Amico was at all times herein set forth an employee within the definition of said section.

7.  At all times herein, the Company employed Amico as a sales assistant or to perform miscellaneous bookkeeping tasks at its 511 Barry Street, Bronx, New York location.

8.  Amico began her employment with the Company in December of 1997 and worked for the Company until April 2006.

9.  During Amico's employment, she was required to "clock in" and "clock out", thereby enabling the Company to maintain an accounting of all her hours worked. Said procedure, however, was not implemented until 2003.

10. During Amico's entire employment, she routinely worked in excess of forty (40) hours per week.

11. During her entire period of employment, the Company refused to compensate Amico for any of the overtime hours worked, defined as all hours worked in excess of forty (40) hours in any given work-week.

12. The Company routinely claimed that Amico was an "exempt" employee and that

the Company was thereby not required to pay her for overtime hours worked.

13. Amico was a non-exempt employee pursuant to the regulations set forth under the Fair Labors Standards Act and similarly under the New York State Minimum Wage Act.

14. Amico's responsibilities included answering phones, taking sales orders, inputting information into the computer, and paying small bills, among other non-discretionary routine responsibilities.

15. Amico's responsibilities required the application of procedures provided by the Company.

16. Amico's responsibilities were operational and task oriented.

17. During Amico's employment she was subject to salary deductions for part-day absences.

18. During the entire period of Amico's employment, the Company employed Amico as described above, and failed and refused to compensate Amico for such employment in excess of forty (40) hours per week at the required rate of one and one-half (1 ½) times the regular rate at which she was employed, as required by the Fair Labor Standards Act and the New York Minimum Wage Act. Such failure to pay not only constituted a failure to pay at the required rate but also constituted failure to pay any compensation for hours in excess of a forty (40) hour work week.

19. The Company knowingly and intentionally failed to pay said wages required by the Fair Labor Standards Act and the New York State Minimum Wage Act.

## COUNT ONE

20. Amico repeats and realleges each and every allegation contained in paragraphs 1-19 of the Complaint.

21. Throughout the entire period of Amico's employment, Defendant willfully failed to pay the Company any wages for work in excess of forty (40) hours a week, thereby

violating the Fair Labor Standards Act, requiring all said hours to be compensated at a rate of one and one-half (1 ½) Amico's regular hourly rate of pay.

22. Under the provisions of the Fair labor Standards Act, there is due and owing form the Company to Amico as compensation for said overtime work, an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

## COUNT TWO

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-19 of the Complaint.

24. Throughout the entire period of Amico's employment, the Company willfully failed to pay Plaintiff any wages for work in excess of forty hours (40) a week, thereby violating the Minimum Wage Act, requiring all said hours to be compensated at a rate of one and one-half (1 ½) Amico's regular hourly rate of pay.

25. Under the provisions of the Minimum Wage Act, as set forth in Section 652 of the New York State Labor Law, there is due and owing from the Company to Amico as compensation for said overtime work, an amount to be determined at trial, plus an additional amount equal to 25% of the underpayment as liquidated damages, plus reasonable attorneys' fees costs and interest.

**WHEREFORE**, Plaintiff, Dawn Amico, respectfully requests judgment against the Defendant, Baldor Specialty Foods, Inc., as follows:

1. On Count One

    a) for a money judgment representing payment of all wages at the required rate of one and one-half (1 ½) times Amico's regular hourly rate for all hours worked in excess of forty (40) hours in each work week over the

        past three (3) years (from the date of the filing of this Complaint);

b)     for a money judgment representing the same amount awarded in Section (a) as liquidated damages; and

c)     for an award of reasonable attorneys' fees and costs.

2. On Count Two

    a)     for a money judgment representing payment of wages at the required rate of one and one-half (1 ½) times Amico's regular hourly rate for all hours worked in excess of forty (40) hours in each work week over the past six (6) years (from the date of the filing of this Complaint);

    b)     for a money judgment representing 25% of the underpayment awarded in Section (a) as liquidated damages; and

    c)     for an award of reasonable attorneys' fees, costs and interest.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues in this action.

Dated: January 19, 2007

                              Respectfully submitted,

                              **BONNIST & CUTRO, LLP**

By:    Craig M. Bonnist, (CB 3245)
        31 Purchase Street, Suite 3-1
        Rye, New York 10580
        (914) 921-4820