CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendant
Baldor Specialty Foods, Inc.
420 Lexington Avenue, Suite 420
New York, New York 10170-0089
(212) 687-7410
      Daniel W. Morris (DM-5934)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAWN AMICO,

          Plaintiff,

      v.

BALDOR SPECIALTY FOODS, INC.,

          Defendant.

**ANSWER**

Civil Action: 07 CV 2909(SCR)

ECF CASE

---

      Defendant, BALDOR SPECIALTY FOODS, INC. (hereinafter "Defendant"), by and through its attorneys, Clifton Budd & DeMaria, LLP, answers the Complaint in the above-captioned matter as follows:

**NATURE OF CASE**

      1.     Denies the allegations contained in Paragraph 1 of the Complaint, but except as so denied respectfully refers the Court to the cited statutes for their terms.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.     Admits the allegations contained in paragraph 3 of the Complaint.

      4.     Admits the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Denies the allegations contained in paragraph 5 of the Complaint, except as so denied, admits that this court has jurisdiction to hear Amico's claim under the Federal Fair Labor Standards Act and that venue in the Southern District of New York is proper.

## FACTS

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint, but except as so denied admit that Amico was classified as an exempt employee during her employment with Baldor.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

## COUNT ONE

20. Repeats and realleges the responses to paragraphs 1 through 19 as if fully replead herein.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

## COUNT TWO

23. Repeats and realleges the responses to paragraphs 1 through 22 as if fully replead herein.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employment was covered by an exemption to the Fair Labor Standards Act; and therefore, Plaintiff has no claim for minimum wage or overtime under the Fair Labor Standards Act.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's employment was exempt from New York State Law wage and overtime requirements.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants' conduct was not willful.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint in its entirety and award to Defendant its costs, attorneys' fees and such other and further relief which the Court deems just and proper.

Dated: May 3, 2007
      New York, New York

                                      Respectfully submitted,
                                      CLIFTON BUDD & DeMARIA, LLP
                                      *Attorneys for Defendant*

                                      By: _____
                                      Daniel W. Morris (DM-5934)
                                      420 Lexington Avenue, Suite 420
                                      New York, New York 10170-0089
                                      (212) 687-7410

TO:    BONNIST & CUTRO, LLP
          *Attorneys for Plaintiff*
          Craig M. Bonnist, Esq.
          31 Purchase Street, Suite 3-1
          Rye, New York 10580
          (914) 921-4820